UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Domino's Pizza Franchising, LLC,

    Plaintiff,

Case No. 15-13312

Honorable Nancy G. Edmunds

v.

VTM Pizza, Inc., and Terrence M. Williams,

    Defendants.

                               /

**OPINION AND ORDER OF CONTEMPT**

This matter comes before the Court on Plaintiff Domino's Pizza Franchising, LLC's motion to hold defendants in contempt for violating the Court's December 31, 2015 judgment and permanent injunction order. (Dkt. 23.) The Court held a hearing on this matter on May 18, 2016 and granted Plaintiff's motion, finding Defendants VTM Pizza, Inc., and Terrence M. Williams in contempt for the reasons set forth herein.

**A. BACKGROUND**

Plaintiff Domino's Pizza Franchising, LLC, brought this breach of contract action against Defendants VTM Pizza, Inc., and Terrence M. Williams on September 18, 2015, based on a franchise agreement entered into by the parties on or about December 16, 2009. (Compl. ¶ 8, dkt. 1.) The court clerk entered defaults as to each defendant on October 28, 2015. (Dkt. nos. 11, 12.) Following a December 7, 2015 hearing on Plaintiff's motion for default judgment (dkt. 18), the Court granted Plaintiff's motion and entered an opinion and order granting Plaintiff's motion and a default judgment on December 31, 2015, dismissing the case. (Dkt. 21, 22.) Plaintiff alleges that Defendants have not complied with

the Court's prior order and now Plaintiff brings a motion to hold Defendants in contempt. (Dkt. 23.) This Court served notice of hearing on both Defendants on April 12, 2016. (Dkt. Text Entry 4/12/16.)

The Court's December 31, 2015 judgment (dkt. 22), and opinion and order (dkt. 21), each provided the following permanent injunctive relief to address breaches of the post-termination provisions of the franchise agreement:

> [Enjoining Defendants from] a. Directly or indirectly, or through or on behalf of or in conjunction with any other person, partnership or corporation, owning, engaging in, being employed by, advising, assisting, investing in, franchising, making loans to, or having any other interest, whether financial or otherwise, in any carry-out or delivery pizza store business located at, or within 10 miles of, Highway 27 (Alberta Street) and Church Avenue in Oneida, Tennessee (the location of the former Domino's Pizza store), for a period of one (1) year from entry of this judgment;
>
> b. Using the telephone numbers used in connection with the operation of Defendants' former Domino's Store, including the number 423-569-2000.
>
> 2.   Defendants VTM Pizza, Inc. and Terrence M. Williams shall immediately execute such documents and/or take such steps as may be necessary or appropriate to assign the telephone number 423-569-2000 to Plaintiff Domino's Pizza Franchising, LLC or its designee; and
>
> 3.   Defendants VTM Pizza, Inc. and Terrence M. Williams shall immediately take such steps as may be necessary or appropriate to delete the listings for their former Domino's Store in the Yellow Pages and any other published or online directory, and to terminate any other directory listing that indicates that the telephone number 423-569-2000 is affiliated in any respect with Defendants' current pizza business Five Kids' Pizza.

Defendant Williams was personally delivered a copy of the judgment containing this injunctive order on January 11, 2016, while he was at the premises of the former Domino's Pizza Store, now Five Kids' Pizza, located at 18750 Alberta Street, Oneida, Tennessee 37841. (Hembree Decl. ¶¶ 5-7.) On February 4, 2016, the private investigator again visited the Five Kids' Pizza premises and observed that Defendants continue to operate a carry-

out and delivery pizza business, and continue to display the telephone number of the prior Domino's Pizza business (569-2000), both in violation of the injunctive order. (Hembree Decl. ¶¶ 8-11) In his declaration, the investigator set forth in detail his observations which lead him to conclude that a pizza take-out and delivery business continues to be run from that location. (Pl.'s Mot. Contempt Ex. A, ¶¶ 8-11.)

Plaintiff now seeks a contempt order from the Court finding that Defendants are in contempt for failing to comply with the express terms of the permanent injunction, and further requests that the Court order each Defendant to pay a conditional fine of $100 per day beginning on the date that the contempt order is entered until Defendants comply with the permanent injunction, and if Defendants have not complied within 21 days, then the fine be increased to $500 per day for each Defendant. (Pl.'s Mot. Contempt, dkt. 23.)

**B.   Analysis**

"A decision on a contempt petition is within the sound discretion of the trial court . . . ." *Electrical Workers Pension Trust Fun of Local Union #58 v. Gary's Electric Service*, 340 F.3d 373, 378 (6th Cir. 2003) (citing *Peppers v. Barry*, 873 F.2d 967, 968 (6th Cir. 1989)). "When a court seeks to enforce its order or supervise its judgment, one weapon in its arsenal is contempt of court." *Id.* (citation omitted). "In order to hold a litigant in contempt, the movant must produce clear and convincing evidence that shows that 'he violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Id.* at 379 (citation omitted). "Once the movant establishes his prima facie case, the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is *presently* unable to comply with the court's order." *Id.* (citation omitted) (emphasis in original).

3

Plaintiff shows, by the declaration, that Defendants fail to comply with the Court's prior order by continuing to operate a carry-out or pizza delivery store at the prior Domino's location and continuing to use the telephone number 569-2000 of the former Domino's store. (Pl.'s Mot. Contempt Ex. A, dkt. 23-2.) Despite Defendant Terrence Williams having been provided a copy on January 11, 2016, of this Court's December 31, 2015 judgment, Defendants have not yet appeared in this case and produce no evidence in response to Plaintiff's prima facie case. (Hembree Decl. ¶ 7.) There is no evidence that Defendants have taken any steps to comply with the Court's December 31, 2015 judgment and order.

"With respect to civil contempt proceedings, '[j]udicial sanctions . . . may, in a proper case, be employed for either or both of two purposes; to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained.'" *Electrical Workers*, 340 F.3d at 379 (citation omitted.) "The magnitude of the sanctions imposed should be assessed by weighing the harm caused by noncompliance, 'and the probable effectiveness of any suggested sanction in bringing about the result desired.'" *Glover v. Johnson*, 199 F.3d 310, 312 (6th Cir. 1999). Here, Plaintiff argues for sanctions starting in the amount of $100 per day against each Defendant for purposes of both compelling compliance with the Court's injunction and because Plaintiff "is suffering harm as a result of Defendants' continuing violations of the Permanent Injunction." (Pl.'s Mot. 4.) Plaintiff argues that, due to Defendants' continuing violation of the injunction, Plaintiff is unable to prevent Defendants from trading on Domino's good will and is unable to refranchise that market to a new franchisee. The docket evidences proof of service on Defendants at multiple points in these proceedings, yet Defendants remain unwilling to defend or otherwise participate and there is no evidence of their compliance or attempt to

4

comply with this Court's December 31, 2015 judgment and order.

The Court finds that a daily sanction is necessary to force Defendants' compliance with the order and address Plaintiff's harm. The amount sought by Plaintiff, $100 per day per Defendant for the first 21 days, is an amount likely and necessary to capture Defendants' attention and address Plaintiff's harm. The Court finds that after 21 days $300 per Defendant per day is an amount sufficient to compel compliance, in light of what would already be substantial monetary sanctions should Defendants fail to comply within the first 21 days.

For the reasons set forth above, Plaintiff has shown both the necessary requirements for Defendants to be found in contempt and that some sort of sanction is necessary to compel Defendants' compliance with the judgment and order.

**IT IS THEREFORE ORDERED THAT**

Defendants VTM Pizza, Inc., and Terrence M. Williams are in CONTEMPT.

As a result, Defendants are ORDERED to take any and all actions necessary to immediately comply with this Court's December 31, 2015 judgment and order.

IT IS FURTHERED ORDERED that EACH Defendant shall pay to Plaintiff Domino's Pizza Franchising, LLC, a civil penalty of $100.00 per day beginning on the date of this order, and continuing until they have complied with this order, or for twenty-one days, whichever is first. If Defendants have not complied with the order after twenty-one days, the civil penalty against each Defendant shall increase to $300.00 per day and continue until cured.

IT IS FURTHER ORDERED that if Defendants still have not complied with this order at the end of that period, the Court may order further penalties.

IT IS FURTHER ORDERED that Plaintiff is awarded its reasonable attorneys' fees and costs incurred between December 31, 2015 and the date of this order in prosecuting its motion for an order for contempt. The Court will enter a separate order awarding the attorneys' fees and costs.

**SO ORDERED.**


        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: May 19, 2016


I hereby certify that a copy of the foregoing document was served upon counsel of record on May 19, 2016, by electronic and/or ordinary mail.

        s/Carol J. Bethel
        Case Manager